THE STATE, ARTHUR W. CLAYTON, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

In view of section 2 of the act of May 16th, 1894 (*Gen. Stat.*, p. 422), the board of chosen freeholders of Hudson county cannot take from the director of the board the right to appoint the standing committees thereof by simply designating them sub-committees in their rules and by-laws.

On *certiorari* to remove resolutions of the board of chosen freeholders of Hudson county.

Argued at June Term, 1897, before Justices DIXON and LUDLOW.

For the prosecutor, *Leon Abbett* and *Flavel McGee.*

For the defendants, *Allan L. McDermott* and *Charles L. Corbin.*

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up the following resolutions adopted by the board of chosen freeholders of Hudson county on December 17th, 1896 :

"*Resolved,* That there shall be but one standing committee of this board, which committee shall be and hereby is authorized to appoint such sub-committees as may be found necessary from time to time.    The standing committee hereby created shall be known as the committee on county affairs and shall consist of twenty-six members of this board ; and

"*Resolved,* That until the appointment and organization of said committee on county affairs, all matters properly referable to a committee of this board be and the same are hereby referred to the board as a committee of the whole."

The circumstances under which these resolutions were

passed and the subsequent proceedings of the board make it manifest that the resolutions were designed to be, as in substance they were, a mere evasion of the statutory provision (*Gen. Stat.*, p. 422, § 2) that the director of the board should appoint the standing committees thereof.

There had sprung up an irreconcilable antagonism between the director and a majority of the members of the board, and in order to thwart his statutory power this scheme was devised, by which all the members of the board save one would form the only "standing committee," and a majority of that committee, being of course those opposed to the director, would appoint the committees by which the ordinary business of standing committees would be transacted. That these committees, called in the resolution "sub-committees," were not really to be sub-committees of this so-called "standing committee," but were to be standing committees of the board itself—that is, permanent committees, to each one of which the board itself would refer all matters of similar nature—is evident from the "rules and by-laws" adopted by the board at the same meeting for its own government. According to these rules, the "reports of sub-committees" were to be presented in writing as a regular proceeding at every meeting of the board; all claims presented to the board were to be referred to an appropriate sub-committee, and if found correct by that sub-committee, were then to be referred to "the sub-committee on finance and audit" before being ordered paid; and it was also made the duty of the clerk of the board to present "written contract claims" directly to this sub-committee on finance and audit without previously presenting them to the board.

We perceive no substantial difference between the functions of these "sub-committees" and the "standing committees" usually formed in parliamentary bodies and provided for by the statute.

The resolutions should be set aside, but without costs.